**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD FERRY and HELEN GRAHAM, | Civil Action No.: 15-5746 |
| Plaintiffs, | **OPINION** |
| v. | |
| NEW JERSEY TRANSIT CORPORATION, et al., | |
| Defendants. | |

**CECCHI, District Judge.**

### I.   INTRODUCTION

This matter comes before the Court on a motion of Defendant New Jersey Transit Corporation ("NJT") to dismiss the Plaintiffs' Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. Having considered the parties' submissions, the Court grants in part NJT's motion to dismiss and remands the case to state court.

### II.   BACKGROUND

This case arises out of an incident that allegedly occurred on June 19, 2013, wherein Plaintiff Ronald Ferry was struck on the right shoulder by an unnamed conductor while seated on an NJT train. (*See* Compl. ¶¶ 2-7, ECF No. 1-1.) Plaintiffs allege that this occurred after a dispute between Mr. Ferry and the conductor over whether Mr. Ferry's disability entitled him to use a reduced-fair ticket. (*Id.*) Following the incident, on June 12, 2015, Plaintiffs filed a Complaint in the Superior Court of New Jersey Law Division alleging eight counts. (*See* ECF No. 1-1.)

On July 24, 2015, Defendant NJT filed a notice of removal to this Court. NJT's notice of removal was based on the allegations contained in Paragraph 28 of the Complaint, specifically that Plaintiff Ronald Ferry was deprived of his "exercise or enjoyment of his substantive due process or equal protection rights, his privileges or immunities secured by the Constitution or laws of the United States . . . ." (ECF No. 1-1 ¶ 3.) In its notice of removal, NJT asserted that Plaintiffs' claim for relief under the New Jersey Civil Rights Act ("NJCRA") (*see* Compl., Count VI), "is identical to a § 1983 action and may be removed to federal court because it necessarily depends on resolution of a substantial question of federal law." (ECF No. 1-1 ¶ 4 (internal quotation marks omitted).) NJT subsequently filed this motion to dismiss. (ECF No. 3.)

### III.   LEGAL STANDARD

For a complaint to avoid dismissal pursuant to Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating the sufficiency of a complaint, Courts are required to accept all well-pleaded allegations in the Complaint as true and to draw all reasonable inferences in favor of the non-moving party. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Furthermore, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted). Accordingly, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

## IV. DISCUSSION

### A. Plaintiffs' NJCRA Claim is Dismissed for Failure to State a Claim.

To state a claim for relief under the NJCRA, a plaintiff must have been deprived of his civil rights by a "person." *See* N.J. Stat. Ann. § 10:6-2(c). It is well-established that the word "person" in the statute does not include entities that are considered "arms of the state" for Eleventh Amendment immunity purposes. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989) (barring § 1983 suits against "States or governmental entities that are considered 'arms of the state' for Eleventh Amendment purposes"); *Slinger v. New Jersey*, No. 07-5561, U.S. Dist. LEXIS 71723, at *19 (D.N.J. Sept. 4, 2008) ("Since the NJCRA is substantially modeled after 42 U.S.C. § 1983, and shares the requirement that the defendant sued be a 'person,' the NJCRA should also be deemed to incorporate *Will*.").

"A state entity is properly characterized as an arm of the state and thus 'entitled to immunity from suit in a federal court under the eleventh amendment when a judgment against it would have essentially the same practical consequences as a judgment against the State itself.'" *Bowers v. NCAA*, 475 F.3d 524, 545-546 (3d Cir. 2007) (quoting *Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989)). The Third Circuit has adopted a three-part test, which examines: "(1) whether the payment of the judgment would come from the state; (2) what status the entity has under state law; and (3) what degree of autonomy the entity has. *Id.*

The Court is mindful that the *Fitchik* court, which established the test, found that NJT was not an arm of the state. However, intervening case law has required that the three factors be weighted co-equally, which the *Fitchik* court did not do. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 239 (3d Cir. 2005). In light of that precedent, one court in this district has held:

> [T]his Court finds after weighing all three factors that NJT is an extension of the State of New Jersey. It is possible, although unknown, that the State of New Jersey will pay NJT's damages if

3

> NJT is found liable to Plaintiffs. Also, it is clear that NJT is not autonomous from the State and NJT is clearly a surrogate of the State. In other words, NJT is not a "person" pursuant to 42 U.S.C § 1983. Because NJT is not a "person" as defined by 42 U.S.C. § 1983, it cannot be held liable pursuant to 42 U.S.C. § 1983.

*Geod Corp. v. N.J. Transit Corp.*, 678 F.Supp. 2d 276, 288-89 (D.N.J. 2009).

This Court finds the reasoning of the *Geod* court persuasive. Accordingly, this Court finds that NJT is not a person that can be held liable pursuant to the NJCRA. Count VI of the Complaint is dismissed.

### B. The Remaining Counts of the Complaint are Remanded to State Court

Having concluded that Count VI of the Complaint must be dismissed for failure to state a claim under the NJCRA, this Court does not have subject matter jurisdiction over the remaining state law claims. Under the Supreme Court's holding in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), when all federal claims have been eliminated and only state law claims remain, a federal district court has discretion to *sua sponte* remand a properly removed case to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("[Section 1447] allows and indeed compels a district court to address the question of jurisdiction, even if the parties do not raise the issue.").

In considering whether to remand, the district court should determine what "best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Carnegie–Mellon*, 484 U.S. at 357. In this case, the only basis for removal was that Count VI of the eight-count Complaint was arguably identical to a § 1983 claim. (*See* ECF No. 1-1 ¶¶ 3-4.) Considering that "the single federal-law claim in [this] action [has been] eliminated at an early stage of the litigation," and seven state law claims remain in the Complaint, this Court

4

has "a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon*, 484 U.S. at 351. Accordingly, this case will be remanded to state court.

## V.   CONCLUSION

For the reasons set forth above, Defendant NJT's motion to dismiss for failure to state a claim is granted as to Count VI of the Complaint. The remaining counts in the Complaint will be remanded to the Superior Court of New Jersey. The remainder of Defendant NJT's motion is denied without prejudice as moot.

Dated: April 26, 2016

**HON. CLAIRE C. CECCHI**
**United States District Judge**